PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. January 31, 1908.)

COURTS—FEDERAL COURTS—SURRENDER OF PROPERTY TO STATE RECEIVERS.

A petition to a federal court to direct its receivers appointed for the property of street railroad companies having mutual relations to each other in suits by creditors and mortgagees to turn the same over to temporary receivers appointed by a state court in separate suits brought by the state each against a different one of the corporations defendant denied, with leave to renew when the suits had so far progressed in the state

court as to determine whether or not the state would prevail in either or both, and to disclose the precise situation on which the court was required to act.

In Equity. Petition of state receivers to have turned over to them the property now in the hands of federal receivers.

See 158 Fed. 460.

F. R. Coudert and Herbert R. Limburg, for receivers.

Byrne & Cutcheon, for complainant.

J. Parker Kirlin, for Metropolitan St. Ry. Co.

James L. Quackenbush, for defendant New York City Ry. Co.

LACOMBE, Circuit Judge. At the opening of the argument counsel for petitioners stated that some preliminary objection might be raised to this application in the theory that petitioners have as yet only an appointment by order as temporary receivers, the actions in which they were appointed not having yet come to trial. The court nevertheless heard argument on all the questions presented, expecting that, if the objection were raised (as it subsequently was), it might possibly be disregarded as an unimportant technicality, and the underlying questions discussed. More careful examination, however, presents the matter in a somewhat different aspect. The petitioners have been appointed temporary receivers in two separate actions brought by the people of the state of New York against two different corporations; one action against one corporation, another against the other. These actions are different not merely because the defendants are different and different testimony may have to be considered, but the causes of action themselves are different. One action is brought under sections 1785 and 1786 of the Code; the other under section 1781. The relief prayed for is different; in one case it is the dissolution of the corporation, in the other that certain directors account for alleged delinquencies, be removed from office, etc. Presumably the state expects to prevail in both actions, but it is quite conceivable that it may prevail in one and be defeated in the other Bearing in mind the mutual relations of these corporations and the rights and interests, owned or claimed, by others in the property now in custody of this court, it is quite apparent that the situation, which would be presented if the state should succeed in action No. 1 and fail in action No. 2, might be radically different from that presented, if the state should fail in action No. 1 and succeed in action No. 2. It would, therefore, seem to be most unwise to consider the underlying questions until by further action of the state courts it may be determined precisely what the situation is upon which this court is to be asked to take action. The petition is therefore dismissed as being prematurely presented, without prejudice to its renewal whenever petitioners may be so advised. The various papers may remain on file, and in the event of a new application may be referred to without reproducing.

The petition contains a request that the federal receivers, who have possession of the books and papers of both companies, be directed to set forth in their answer copies of all entries in the minute book

160 F.—15

or any other book or books in any way referring to the appointment of receivers or to this suit or to any of the proceedings herein. There can, of course, be no objection to the receivers filing copies of any such entries as they may find in the books for the enlightenment of whomever it may concern. They may do so, and notify petitioner's counsel of the date of filing.